**KROVATIN KLINGEMAN LLC**
Gerald Krovatin, Esq.
744 Broad Street, Suite 1903
Newark, New Jersey 07102
(973) 424-9777
*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT P. GONZALEZ, an individual<br><br>Plaintiff<br><br>-v-<br><br>SETON HALL UNIVERSITY, a nonprofit education corporation of the State of New Jersey<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT & JURY DEMAND** |

Plaintiff Robert P. Gonzalez, for his Complaint against the Defendant Seton Hall University, alleges and says:

### NATURE OF ACTION

1. This is an action for damages for breach of an Employment Agreement between Plaintiff Robert P. Gonzalez ("Plaintiff") and Defendant Seton Hall University ("Defendant" or the "University") entered into for the purpose of employing Defendant as Head Men's Basketball Coach.

### PARTIES

2. Plaintiff Robert P. Gonzalez, is a resident of the State of New York, residing at 260 West Street, Harrison, New York 10528.

3. Defendant Seton Hall University, is a nonprofit education corporation of the State of New Jersey with its principal office located at 400 South Orange Avenue, South Orange New Jersey 07079.

## JURISDICTION AND VENUE

4. By reason of the foregoing, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a) (1).

5. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Venue is proper in this District under 28 U.S.C. § 1391(a), because the Employment Agreement was formed and carried out by the parties within this District, and Defendant's principal office is located in this District.

## GENERAL ALLEGATIONS

7. On or about December 8, 2006, Plaintiff and Defendant executed a written Employment Agreement setting forth terms and conditions under which Plaintiff would serve as the head coach of the University's intercollegiate men's basketball program (the "Employment Agreement").

8. The initial term of the Employment Agreement was effective on or about April 7, 2006, and was to expire on June 30, 2011, subject to automatic renewal as provided for in the Employment Agreement.

9. By written agreement dated September 17, 2009, and signed by Plaintiff on October 16, 2009, the parties agreed to extend the initial term of the Employment Agreement by three (3) years until June 30, 2014. All other terms of the Employment Agreement were to remain the same, although it was represented to Plaintiff that the University would increase his compensation for the period of the three-year extension.

10. In announcing the contract extension, University Athletic Director Joe Quinlan stated:

> This extension serves as a strong indicator of the University's commitment and support for Bobby Gonzalez as head coach of our men's basketball program. We expect to be successful and believe that Coach Gonzalez has taken the necessary steps to position our program for future success. He has made progress with the program in only three years and we are very pleased to have him as our head coach.

11. On March 17, 2010, in a meeting among Msgr. Robert Sheeran, the President of the University, Plaintiff and others, Msgr. Sheeran told Plaintiff that he should resign.

12. In a letter dated March 19, 2010, ("Termination Letter"), however, Defendant advised Plaintiff that: "The University is exercising its rights to terminate your employment for cause under the Employment Agreement dated December 8, 2006."

13. The Defendant further advised Plaintiff in the Termination Letter: "Also be advised that your termination for cause constitutes an event of default under your promissory note dated December 8, 2006 thereby rendering the remaining principal amount of Fifty Thousand Dollars ($50,000) plus interest immediately due and payable to the University."

14. Plaintiff satisfactorily performed his duties under the Employment Agreement.

15. The termination by the University of Plaintiff's employment "for cause" was improper and without basis in law or fact.

16. The termination by the University of Plaintiff's employment under the Employment Agreement was in fact, without cause.

17. The University has certain obligations to Plaintiff under the Employment Agreement in the event that it terminates Plaintiff without cause.

18. The obligations of the University upon a termination without cause include payment to Plaintiff of Liquidated Damages, which is an amount defined in the Employment Agreement equal to two years of Base Annual Salary immediately prior to the date of termination, payable over 24 months.

19. A termination by the University without cause does not constitute an event of default under the promissory note dated December 8, 2006, but rather results in the forgiveness of all amounts due under the promissory note.

20. As such, the remaining principal amount of Fifty Thousand Dollars ($50,000) plus interest due under the promissory note dated December 8, 2006, is not due and payable to the University.

## FIRST COUNT
(Breach of Contract)

21. Plaintiff repeats and realleges the allegations of paragraphs 1 through 20 as if fully set forth herein.

22. Defendant breached the Employment Agreement with Plaintiff and has failed and refused to perform its contractual duties and obligations to Plaintiff under the Employment Agreement.

23. As a proximate result of Defendant's breach, Plaintiff has suffered damages.

## SECOND COUNT
(Breach of Covenant of Good Faith and Fair Dealing)

24. Plaintiff repeats and realleges the allegations of paragraphs 1 through 23 as if fully set forth herein.

25. Inherent in every commercial relationship and transaction is a duty of each party to deal with the other fairly and in good faith, such that one party to the contract may not frustrate the other party's attempt to secure the fruits of that contract.

26. The Defendant has breached this duty to Plaintiff by failing to abide by its obligations under the Employment Agreement, by frustrating Plaintiff's attempt to secure the fruits of the Employment Agreement, and in bad faith terminating Plaintiff's employment purportedly "for cause" in an attempt to avoid its obligations pursuant to the Employment Agreement.

27. As a proximate result of Defendant's intentional, bad faith and malicious conduct, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff Robert P. Gonzalez demands judgment against Defendant Seton Hall University for compensatory, consequential and punitive damages, for costs, including reasonable attorney's fees, and for such other and further relief as the Court may deem just.

**KROVATIN KLINGEMAN LLC**
744 Broad Street, Suite 1903
Newark, New Jersey 07102
(973) 424-9777
Attorneys for Plaintiff

By: _____
Gerald Krovatin

Dated: April 9, 2010

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

**KROVATIN KLINGEMAN LLC**

Dated: April 9, 2010

By:   s/ Gerald Krovatin
      Gerald Krovatin

## L.Civ.R.11.2 CERTIFICATION

I hereby certify that the matter involved here, as far as I know, is not the subject of any other action pending in any court, nor is it the subject of a pending arbitration or administrative proceeding.

**KROVATIN KLINGEMAN LLC**

Dated: April 9, 2010

By:   s/ Gerald Krovatin
      Gerald Krovatin

%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Robert P. Gonzalez

### DEFENDANTS
Seton Hall University

**(b)** County of Residence of First Listed Plaintiff: Westchester, NY

County of Residence of First Listed Defendant: Essex

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)
Gerald Krovatin, Esq.
Krovatin Klingeman LLC
744 Broad street, Suite 1903
Newark, N.J. 07102
Phone (973)-424-9777 ; gkrovatin@krovatin.com

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:
Action for damages for breach of employment agreement and covenant of good faith

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S)
(See instructions):
JUDGE _____ DOCKET NUMBER _____

Explanation:

DATE: 4/9/10

SIGNATURE OF ATTORNEY OF RECORD: /s/ G. Krovatin

JS 44 Reverse (Rev. 12/07, NJ 1/08)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**   Example:   U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Provide a brief explanation of why the cases are related.

**Date and Attorney Signature.** Date and sign the civil cover sheet.